UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-06716-VAP-PDx | Date | November 17, 2020 |
|---|---|---|---|
| Title | *Scott Tillett v. BMW of North America, LLC et al.* | | |

Present: The Honorable  VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**  MINUTE ORDER REMANDING ACTION (IN CHAMBERS)

On July 27, 2020, Defendant BMW of North America, LLC ("BMW") removed this action to this Court.  (Dkt. 1).  Plaintiff Scott Tillett ("Plaintiff") filed his action on May 29, 2020, in the California Superior Court for the County of Los Angeles, alleging claims under California's Song-Beverly Consumer Warranty Act relating to his purchase of a 2018 BMW M2.  (Dkt. 1-1).

On October 28, 2020, the Court ordered Defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction.  Defendant filed its Response on November 2, 2020.  (Dkt. 21).  After considering Defendant's Response, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15.  The Court REMANDS this case to the California Superior Court for the County of Los Angeles.

**I.  LEGAL STANDARD**

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action.  A district court has diversity jurisdiction over any civil action between citizens of different states if the amount in controversy exceeds $75,000,

excluding interest and costs. 28 U.S.C. § 1332. "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), superseded by statute on other grounds as stated in *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). A "defendant always has the burden of establishing that removal is proper." (*Id.*) "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## II.    DISCUSSION
### A.    Amount in Controversy

Defendant's failure to allege an adequate amount in controversy is an independent basis for remanding this case to state court. A defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted).

Here, Defendant calculates the amount in controversy by aggregating the purchase price of Plaintiff's vehicle ($77,504.60), twice that in civil penalties, and reasonable attorneys' fees. Defendant's methodology is sound in principle, but it relies on conclusory allegations and lacks the necessary support to carry Defendant's evidentiary burden.

#### 1. Actual Damages

Actual damages under the Song-Beverly Consumer Warranty Act ("the Act") are the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code §

1793.2(d)(2)(B)-(C).  The reduction is based on the number of miles the buyer has driven prior to the first attempted repair (often called the "use offset").  (*Id.*) While Defendant attempts to reduce actual damages to account for Plaintiff's use offset, Defendant's calculation entirely fails to account for the fact that the car was leased, not purchased.  *AMANDA D'AMICO, Plaintiff, v. FORD MOTOR COMPANY, A Delaware Corporation; & DOES 1 through 20, inclusive, Defendants.*, No. CV 20-2985-CJC (JCx), 2020 WL 2614610, at *2 (C.D. Cal. May 21, 2020).

Because Plaintiff leased the car, the "price paid" under the statute is not the MRSP, but only what Plaintiff has paid under his lease.  *See id.* (citing *Ghayaisi v. Subaru of Am., Inc.*, No. 2:20-cv-00467-RGK (SKx), 2020 WL 1140451, at *1 (C.D. Cal. Mar. 6, 2020) (remanding where defendant relied on total payments to be made under lease agreement, but "present[ed] no facts regarding how many payments were actually made on the installment contract"); *see also Chavez v. FCA US LLC*, 2:19-cv-06003-ODW (GJSx), 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020) (remanding where defendant failed to meet burden of showing actual damages because the defendant provided only the sales contract, and "fail[ed] to indicate an amount of payments made")). Defendant does not provide any information regarding that amount, which the purchase agreement indicates to be far less than $75,000.  (*See* Dkt. 5-1) (Noting that Plaintiff paid a $5000 down payment and leased the remaining $70,711.10 with a monthly installment plan of $1208.41 beginning on December 24, 2017 and which is scheduled to end on November 24, 2022).  Therefore, without more information, the Court cannot give weight to Defendant's allegations of actual damages.

2. Civil Penalty

If a court determines that a defendant's failure to comply with the terms of the Act is willful, a successful plaintiff is entitled to recover civil penalties of up to twice the amount of the actual damages.  Cal. Civ. Code §§ 1794 (c).  If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain.  *Eberle v. Jaguar Land Rover N. Am., LLC*, No. 218CV06650VAP (PLAx), 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018).

Moreover, Defendant has not pointed to any specific allegations in the action suggesting that the civil penalty would be awarded, or how much it might be if it were.  *See Zawaideh v. BMW of North America, LLC*, No.: 17-CV-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) ("Rather than simply assume that because a civil penalty is available, one will be awarded, the defendant must make some effort to justify the assumption by, for example,

pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty."); *Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAx), 2016 WL 6583585, at *5 (C.D. Cal. Nov. 4, 2016) (granting a motion to remand in a Song-Beverly case in part because the defendant did not provide the court with "any analogous verdicts or estimates of a recoverable punitive damages award," thus failing "to establish the likelihood of any punitive damage award by a preponderance of the evidence"); *Lawrence v. FCA US LLC*, No. CV 16-05452 BRO (GJSx), 2016 WL 5921059, at *4 (C.D. Cal. Oct. 11, 2016) (finding that because a defendant did not provide "any analogous verdicts or estimates about the amount" the court could not consider Song-Beverly's civil penalty when determining the amount in controversy).  The Court is thus unable to determine what civil penalties might be imposed if Plaintiff's claim succeeds.

        3.   <u>Attorneys' Fees</u>

Defendant has, similarly, not made a sufficient showing regarding attorneys' fees.  Attorneys' fees that accrue after the filing of a notice of removal may be included in an estimate of the amount in controversy, but a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and to "make this showing with summary-judgment-type evidence." *Fritsch*, 899 F.3d at 795.  "A district court may reject a defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof."  (*Id.*)

Here, Defendant makes no effort to explain what amount of attorney fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hours or billing rates that might apply.  The Notice of Removal merely argues the attorneys' fees are "generally between $125,00-450,000 through trial in California automotive warranty cases." (Dkt. 1, at 5).  Such vague and conclusory allegations fall short of meeting Defendant's burden.  *See D'Amico*, 2020 WL 2614610, at *4 ("[T]he Court is not persuaded that 'more than $65,000' is a reasonable estimate of attorney fees in this case.  Indeed, many cases alleging violations of the Act settle early, and Defendant provides no explanation for why this case is similar to ones that went to trial.  Nor does Defendant provide an estimate of the hours that will be incurred or hourly rates that would apply in this case.") (collecting cases); *Eberle*, 2018 WL 4674598, at *3 ("Courts have been reluctant to estimate reasonabl[e] attorneys' fees without knowing what the attorneys in the case bill, or being provided with evidence of attorneys' fees awards in similar cases and have found information far more

specific than this to be insufficient for the purposes of including attorneys' fees in the amount in controversy." (internal quotations and citations omitted)).

### IV. CONCLUSION

The Court therefore REMANDS the action to the California Superior Court for the County of Los Angeles.

**IT IS SO ORDERED.**